OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs to plaintiffs, by deleting so much thereof as declares that the purposes of the corporation have failed and that any party claiming an interest in the corporation may bring a proceeding for dissolution of the corporation and distribution of its assets.
We agree that article 9 of the corporation’s by-laws is void as an absolute restraint on the power of alienation violative of the public policy in this State (see Allen v Biltmore Tissue Corp., 2 NY2d 534). Plaintiffs are thus entitled to a declaration that Amy Quinn has inherited the stock of John J. Quinn in Stuart Lakes Club, Inc. The corporation, therefore, must transfer the stock to her and record the transfer on the books of the corporation.
Since only that part of article 9 which prohibits transfers of the stock of the corporation is null and void, the remainder, providing for the election of new members, survives, with the consequence that not only the current stockholders, plaintiff Amy Quinn and defendant James Crawford, but also any new stockholders may be able to carry out the purposes of the corporation by purchasing, leasing or acquiring land and by protecting and promoting the interest of legitimate sport with rod and gun.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order modified, with costs to plaintiffs, in accordance with the memorandum herein and, as so modified, affirmed.